IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STATE OF GEORGIA,<br><br>v.<br><br>INONDA RENA KINSEY,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:24-cv-00413-TES |

## ORDER REMANDING CASE

Before the Court is pro se Defendant Inonda Rena Kinsey's Notice of Removal [Doc. 1], attempting to remove a state-court criminal action to this Court. Upon reviewing the removal documents, it is clear that removal to this Court is improper—and therefore the Court lacks subject-matter jurisdiction. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte . . ."); *see also* 28 U.S.C. § 1455(b)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

## DISCUSSION

Removal of a state criminal action to federal court is exceedingly rare. Indeed, federal law provides two general scenarios where removal might be proper—namely:

(1) a Defendant's federal officer status, or (2) a Defendant's allegation regarding the denial of "a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. §§ 1442, 1443. Neither is present here.

First, § 1442(a)(1) provides that "any officer ... of the United States" may remove to federal court a criminal prosecution "for or relating to any act under color of such office." *State v. Meadows*, 88 F.4th 1331, 1338 (11th Cir. 2023). But Defendant fails to show in her removal documents that she is an officer of the United States. Therefore, § 1442 cannot support her removal.

Second, Defendant's reliance on § 1443 also fails because she does not allege a violation of her rights that cannot be vindicated in state court. As the Supreme Court put it, "it is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied[], that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966). Instead, a plaintiff must show "by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.* at 828. Defendant makes no such allegation here. To be sure, Defendant does not allege a *single* violation of her federally protected rights. *See generally* [Doc. 1].

Defendant Kinsey also alleges that this Court has "original jurisdiction over this

action pursuant to 42 U.S.C. § 1983 because of 28 U.S.C. §§ 1331 and 1441." [Doc. 1, p. 2]. However, this argument fails on two fronts. First, 28 U.S.C. § 1441 "confers removal jurisdiction over *civil actions* only, and cannot support [Defendant's] attempt at removal." *State of Ala. v. Kemp*, 952 F. Supp. 722, 723 (N.D. Ala. 1997). And second, a § 1983 claim must be asserted in a separate lawsuit—not as a counterclaim in a criminal action. But this Court cannot intervene in an ongoing state criminal matter via § 1983. *See, e.g., Younger v. Harris*, 401 U.S. 37, 46 (1971).

Finally, even assuming the Court is entirely wrong in its above analysis, Defendant's removal is untimely. Section 1455 requires the removal of a criminal action to be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier[.]" 28 U.S.C. § 1455(b)(1). Houston County State Court records show that the court arraigned Defendant on November 30, 2023—nearly a year ago.[1] That means Defendant cannot remove to this Court absent a showing of good cause, but her removal documents do not offer any reason for the delay. *See United States v. Belc*, No. 22-12558, 2023 WL 6232474, at *1 (11th Cir. Sept. 26, 2023).

---

[1] *See* State Court of Houston County Public Records Search, *State of Georgia v. Kinsey, Inonda Rena*, https://court.houstoncountyga.gov/BenchmarkWeb/CourtCase.aspx/Details/1432342?digest=J1TQJPE2KKcMrK8TQ7NZ5Q (last visited Nov. 18, 2024).

The Court may take judicial notice of these records. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020) ("The dates the District Court noticed from the online state court dockets constitute judicially noticeable facts under Rule 201.").

3

## **CONCLUSION**

Based upon the foregoing, the Court summarily **REMANDS** this action to the State Court of Houston County, Georgia.

**SO ORDERED**, this 18th day of November, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4